# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| **RAMONDA SMITH,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. _____ |
| ) | |
| **MIA KOSS,** ) | PLAINTIFF REQUESTS |
| <u>Serve at:</u> ) | TRIAL BY JURY |
| 707 Village Drive ) | |
| Glen Carbon, IL 62034 ) | |
| ) | |
| Defendant. ) | |

## PETITION

**COMES NOW** Plaintiff Ramonda Smith, by and through counsel, and for her cause of action against Defendant, MIA KOSS, alleges and states as follows:

## STATEMENT OF JURISDICTION

1. This claim is brought pursuant to this Court's original jurisdiction over all cases and matters pursuant to RSMo. § 478.070.

2. The amount of controversy exceeds the jurisdictional minimum of this Court.

3. The venue is proper under RSMo. § 508.010 in that Plaintiff's cause of action accrued in St. Louis County, State of Missouri.

## PARTIES TO THE CLAIM

4. Plaintiff, at all times material hereto, is and has been a resident of Saint Louis County, Missouri.

5. Upon information and belief, at all times material hereto, Defendant is, and has been a resident of Madison County, Illinois.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On or about January 15, 2020, in St. Louis County, Missouri, Plaintiff was operating a 2009 Hyundai Santa Fe in the first lane of eastbound Interstate 270, east of McDonald Boulevard.

7. At said time and place, Defendant was operating a 2012 Chevrolet Sonic in the in the first lane of eastbound Interstate 270, east of McDonald Boulevard.

8. At said time and place, Plaintiff slowed her vehicle to a stop for congested traffic, after which Defendant failed to stop her vehicle, causing it to collide with the rear of Plaintiff's vehicle.

9. At said time and place, Defendant was subject to Missouri's Statutory "Rules of the Road" as enumerated in the Missouri Revisor of Statutes.

## COUNT I

**COMES NOW** Plaintiff and, for Count I of her cause of action against Defendant, alleges and states as follows:

10. Plaintiff adopts and incorporates paragraphs 1-9 of this Petition as if fully set forth herein by this reference.

11. That Defendant owed Plaintiff a duty to operate her vehicle with the highest degree of care, yet failed to do so, and was therefore negligent, reckless, and careless in the following respects:

    a. in failing to keep a careful lookout while operating a motor vehicle;

    b. in failing to exercise the highest degree of care while operating a motor vehicle;

    c. in failing to drive at a rate of speed so as not to endanger the property of another or the life or limb of any person;

    d. in failing to yield the right-of-way of Plaintiff;

    e. in driving at an excessive speed under the circumstances;

    f. in failing to keep her vehicle entirely within a single lane;

    g. in following Plaintiff more closely than was reasonably safe and prudent in the circumstances;

    h. in failing to sound a warning prior to causing a collision with Plaintiff's vehicle;

    i. in failing to stop or slow after she knew or, by the use of the highest degree of care, could have known that there was a reasonable likelihood of a collision; and

    j. in allowing her vehicle to come into contact with the rear of Plaintiff's vehicle.

12. That on or about January 15, 2020, the city of  had in full force and in effect various codes which are more fully set forth below; that Plaintiff was within the class of persons intended to be protected by the codes; that Plaintiff's injuries were of the nature that the codes were designed to prevent; that Defendant's violation of the codes was a proximate cause of Plaintiff's injuries; that the codes were enacted to protect persons or property, conserve public health, or promote public safety; that Defendant's violation of said codes constitutes actionable **negligence per se**; and that the specific codes which were breached by Defendant are set forth in pertinent part:

    a. in failing to follow  Plaintiff's vehicle at a reasonably safe and prudent distance, such that sufficient space between Defendant's vehicle and Plaintiff's vehicle existed to allow any other vehicle to overtake or pass in

safety, in violation of the City of Hazelwood Code of Ordinances § 340.170.

13. That on or about January 15, 2020, the state of Missouri had in full force and in effect various statutes which are more fully set forth below; that Plaintiff was within the class of persons intended to be protected by the statutes; that Plaintiff's injuries were of the nature that the statutes were designed to prevent; that Defendant's violation of the statutes was a proximate cause of Plaintiff's injuries; that the statutes were enacted to protect persons or property, conserve public health, or promote public safety; that Defendant's violation of said statutes constitutes actionable **negligence per se**; and that the specific statutes which were breached by Defendant are set forth in pertinent part:

    a. in failing to follow Plaintiff's vehicle at a reasonably safe and prudent distance, such that sufficient space between Defendant's vehicle and Plaintiff's vehicle existed to allow any other vehicle to overtake or pass in safety, in violation of RSMo. § 304.017.1.

14. Defendant's negligence directly caused or contributed to cause Plaintiff to sustain injuries to her neck and back. She suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of her physical injuries. She has suffered all of the above injuries, pain, and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling, and progressive.

15. By reason of Plaintiff's injuries, she paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

16. Plaintiff is entitled to fair and reasonable damages in excess of twenty-five thousand dollars ($25,000.00) for the injuries sustained by her as a direct and/or contributory

Electronically Filed - St Louis County - March 18, 2021 - 11:48 AM

result of Defendant's negligence.

17.     Plaintiff should be awarded her court and litigation costs incurred herein and, therefore, requests an award of said costs to be paid by Defendant.

**WHEREFORE**, Plaintiff prays that she be awarded fair and reasonable damages in excess of twenty-five thousand dollars ($25,000.00) against Defendant, together with her costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

/s/ John L. Wilbers

_____

John L. Wilbers, #51848 MO
**The Wilbers Law Firm, LLC**
130 S. Bemiston, Suite 406
St. Louis, MO 63105
Ph. (314) 721-3040
Fx. (314) 721-3052
filings@thewilberslawfirm.com
*__Attorney for Plaintiff__*